UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-23228-CIV-GOLD/McALILEY

PIERRE CASSEUS,

    Plaintiff,

v.

FIRST EAGLE, L.L.C. and SIEWDEO
MAHARAJ,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; CANCELLING ORAL ARGUMENT; CLOSING CASE

THIS MATTER is before the Court on Defendants Motion to Dismiss for Lack of Subject Matter Jurisdiction, in the Alternative, Request to Convert Motion to Dismiss into a Motion for Summary Judgment [D.E. 5]. The Defendants' Motion challenged the Court's subject matter jurisdiction over this action. The Court had previously converted the Defendants' Motion into a motion for summary judgment, and set hearing for oral argument to occur on May 9, 2008. (*See Order Setting Hearing on Motion for Summary Judgment*) [D.E. 6]. The Plaintiff filed a two-count Complaint alleging violations of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) for alleged overtime violations, one count against each Defendant. The Court extended the time for the Plaintiff with which to file a response to the Defendants' Motion for Summary Judgment until April 15, 2008. [D.E. 8]. The Plaintiff engaged in discovery (requests for production of documents and depositions), and has agreed not to file a memorandum in opposition to the Defendants' Motion for Summary Judgment. The parties have agreed to bear their own attorney

fees and costs. For the reasons stated below, the Defendants' Motion for Summary Judgment is GRANTED.

## I.     FACTUAL BACKGROUND

The Defendants incorporated a Statement of Undisputed Material Facts into their Motion for Summary Judgment which largely relied on the Declaration of Siewdeo Maharaj and the corporate Defendant's his tax returns, which show that the corporate Defendant's gross revenue (as shown on the Schedule C of the tax return) for the ten months it was owned by the Defendants, which is the time period in which the Plaintiff seeks overtime from the Defendants, was $314,601.

The corporate Defendant is a restaurant in Dania Beach, Florida, that is open for breakfast and lunch. (*Declaration of Siewdeo Maharaj* ¶ 2). Mr. Maharaj purchased the restaurant in March, 2006. *Id.* It is a family-owned restaurant owned by the Maharaj family. *Id.* The Plaintiff was working for the restaurant when Maharaj purchased it in March, 2006, as a cook. *Id.* ¶ 2. Plaintiff had no interaction with any of the customers in terms of credit card transactions and Plaintiff did not order or purchase food or other supplies for the Defendants. *Id.* ¶¶ 3-5. Plaintiff did not perform any functions that require the conclusion that he was engaged in interstate commerce. *Id.* ¶ 3. Plaintiff would prepare omelettes, pancakes, make sandwiches, etc. *Id.* ¶¶ 2, 5. From March 2006 until December 2006 (the time period in which Mr. Maharaj operated the restaurant), the corporate Defendant's gross revenue was under $500,000 annually. *Id.* ¶ 4.

## II.   LEGAL STANDARDS

It is settled that "the party invoking the Court's jurisdiction, bears the burden of demonstrating that this matter falls within the Court's subject matter jurisdiction." *Makro Capital of Am., Inc. v. UBS AG*, 436 F. Supp. 2d 1342, 1345 (S.D. Fla. 2006); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (holding that "the burden is on the plaintiff to prove that jurisdiction exists").

Summary judgment under Federal Rule Civil Procedure 56(c) is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). This burden may be met by "showing" or "pointing out" to the Court that there are no genuine issues of material fact. *Jeffrey v. Sarasota White Sox, Inc.,* 64 F.3d 590, 593 (11th Cir. 1995) (*per curiam*) (quoting *Celotex*, 447 U.S. at 325). Once the initial burden is met, the non-moving party must go beyond the pleadings and "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)); *see also Celotex,* 477 U.S. at 324. In so doing, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead, there must be a sufficient showing that the jury could reasonably

.

find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the non-moving party. *Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (11th Cir. 1998) (citations omitted). The Court must then decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)).

### III.   DISCUSSION

#### A.   General Analysis

Section 207(a) of the FLSA provides, in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Simply put, the FLSA requires an employer to pay overtime at a rate of one and one-half the employee's regular rate for all time worked over 40 hours in a week. These FLSA overtime provisions apply in two circumstances: (1) where an employee is engaged in commerce or the production of goods for commerce—individual coverage; or (2) where an employee works for an enterprise engaged in commerce or in the production of goods for commerce—enterprise coverage. *Ares v. Manuel Diaz Farms, Inc.*, 318 F.3d 1054, 1056 (11th Cir. 2003).

4

1. **Individual Coverage**

"The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce." *Kitchings v. Florida United Methodist Children's Home, Inc.,* 393 F. Supp. 2d 1282, 1292 n.25 (M.D. Fla. 2005) (citing *D.A. Schulte, Inc., v. Gangi,* 328 U.S. 108, 121 (1946) and *Warren-Bradshaw Drilling Co. v. Hall,* 317 U.S. 88, 90 (1942)).

Under the first type of FLSA coverage—"individual coverage"—an employee is entitled to time-and-a-half overtime pay as long as he or she is "engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. § 207. To determine whether an employee performed such work, a court must focus its inquiry on the activities of the employee and not on the business of the employer. *See Mitchell v. Lublin McGaughy & Assocs.,* 358 U.S. 207, 211 (1959); *see also Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1267-68 (11th Cir. 2006). In *Thorne*, the Eleventh Circuit held that it was "the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce", and thus an employee must be "engaged in commerce", which means he must be "directly participating in the actual movement of persons or things in interstate commerce". *Thorne,* 448 F.3d at 1266. Further, in addition to the requirement that the individual must be directly participating in the actual movement of persons or things in interstate commerce, "[f]or an employee to be engaged in commerce, 'a substantial part of the employee's work must be related to interstate commerce." *Kitchings,* 393 F. Supp.2d at 1293 n.26 (quoting *Boekemeier v. Fourth Universalist Soc'y in City of New York,* 86 F.

Supp.2d 280, 287 (S.D. N.Y. 2000) and (citing *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 572 (1943)).

2. **Enterprise Coverage**

Under the second type of FLSA coverage—"enterprise coverage"—an employee is entitled to time-and-a-half overtime pay if he or she is employed by "an enterprise engaged in commerce," as defined by § 203(s) of the statute. Section 203(s) of the FLSA provides in relevant part that an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

Thus, in order for an enterprise to be "engaged in commerce," for purposes of enterprise coverage, a business must have two or more employees handling goods or materials that have been moved in interstate commerce *and* must have annual gross volume of sales or business done in excess of $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(ii).

The FLSA overtime provisions apply only to "employers." The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "Employer" has been broadly construed by the courts to effectuate the remedial purpose of the statute. *See, e.g., Dole v. Simpson*, 784 F. Supp. 538, 545-47 (S.D. Ind. 1991); *Goetz v. Synthesys Tech, Inc.*, 286 F. Supp. 2d 796, 800 (W.D. Tex. 2003). In analyzing the issue, courts look to the

6

economic realities of the employment relationship, rather than relying on corporate titles or traditional common law agency principles. See Dole, 784 F. Supp. at 545 (citing Goldberg v. Whitaker House Coop., 366 U.S. 28, 33 (1961)). Generally speaking, any person may be considered an employer so long as he or she possesses sufficient control over the day-to-day operations of the enterprise and is an officer of the company. Id.

To resolve this Motion the Court must decide three issues. The first is whether, reviewing the record in the light most favorable to Plaintiff, the Plaintiff participated in the actual movement of persons or goods in interstate commerce, and whether that participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA. The second is whether, reviewing the record in the light most favorable to Plaintiff, the corporate Defendant's annual gross volume of sales exceeded the minimum requirement under the FLSA ($500,000). And finally, the Court must determine whether, reviewing the record in the light most favorable to Plaintiff, the individual Defendant Maharaj is an "employer" as defined by the FLSA.

B. **Individual Coverage**

Plaintiff alleges that the overtime provisions of the FLSA apply in this case because his work for Defendants involved the use of goods that traveled in interstate commerce. As to Plaintiff's use of goods that traveled in interstate commerce, it is well-settled that this is not enough to invoke individual coverage under the FLSA. See Thorne, 448 F.3d at 1267 (holding that "[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act") (citing McLeod v.

*Threlkeld*, 319 U.S. 491, 493 (1943)); *Junkin v. Emerald Lawn Maintenance & Landscaping, Inc.*, 2005 WL 2862079, *1 (M.D. Fla. 2005) (holding that there was no individual coverage because "[t]he Court is not persuaded that the mere act of transporting goods that previously found themselves in the flow of interstate commerce means that an employee 'engaged in commerce' and is thus subject to 'individual coverage' under the FLSA"); *see also Russell v. Continental Restaurant, Inc.*, 430 F. Supp.2d 521, 526-27 (D. Md. 2006) (citing *Thorne* and rejecting the argument that handling produce from out-of-state demonstrates that a restaurant employee is engaged in interstate commerce). The reason for these decisions is found in long ago decided Supreme Court decisions that clearly hold that the inquiry concerning individual coverage focuses "on the activities of the employee and not on the business of the employer." *Mitchell v. Lublin McGaughy & Assocs.*, 358 U.S. 207, 211 (1959). The burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods for interstate commerce. *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 121 (1946); *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90 (1942).

It is clear from the facts of this case that the Plaintiff simply was not involved in any manner in the actual movement of persons or goods in interstate commerce, much less that the participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA, as the Plaintiff simply cooked and prepared breakfasts and lunches for the Defendants. Since the Supreme Court has previously held that cooks are not entitled to individual coverage, *McLeod v. Threlkeld*, 319 U.S.

491, 493 (1943), the Court finds that the Plaintiff in this case cannot invoke individual coverage.

### C. Enterprise Coverage

Under the FLSA, unless the enterprise has $500,000 or more in gross annual revenue, the enterprise is not subject to the Act. 29 U.S.C. § 203(s)(1)(A)(ii) (stating that only "an enterprise whose annual gross volume of sales made or business done is not less than $500,000" is subject to the Act's provisions). In this case, the corporate Defendant's gross annual volume of sales for all four-consecutive quarter period from 2005 through 2007, were less than $500,000.00, which requires summary judgment be granted in favor of the Defendants. 29 C.F.R. §§ 779.259 & 779.266.

### D. Maharaj's Individual "Employer" Liability

Under the FLSA, an individual corporate officer can be considered an employer. Title 29 U.S.C. § 203(d) defines an "employer" as "any person acting directly or indirectly in the interest of the employer in relation to an employee." 29 U.S.C. § 203(d). The Eleventh Circuit has routinely interpreted this phrase to mean that an individual officer that the plaintiff is alleging is an employer under the FLSA must be involved in the day-to-day operations of the business, particularly with respect to the setting of wages in order to be an employer under the Act. *Patel v. Wargo,* 803 F.2d 632, 637 (11th Cir. 1986) (quoting *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983)).

In this case, the Court finds that the corporate Defendant is not subject to suit, and since Maharaj's liability is only derivative to that of the corporate Defendant's, *Patel v. Wargo,* 803 F.2d 632, 637 (11th Cir. 1986), Maharaj is entitled to summary judgment on that ground.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the Defendants' Motion for Summary Judgment is GRANTED. A final judgment will be issued separately, and the parties have agreed to bear their own fees and costs.

Upon due consideration of the Motion and the record, the Court finds that Defendants have shown good cause for the relief requested. Accordingly, it is hereby

ORDERED AND ADJUDGED:

1. Defendants' Motion for Summary Judgment [DE 5] is GRANTED.

2. Oral argument on the Motion, previously scheduled for May 9, 2008, is CANCELLED.

3. All other pending motions are DENIED AS MOOT and all hearings are CANCELLED.

4. The Clerk of Court is instructed to CLOSE this case.

DONE AND ORDERED in Chambers in Miami, Miami-Dade County, Florida this __16__ day of April, 2008.

ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
All counsel of record